IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AIM STEEL INTERNATIONAL<br>CORP., *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00098-DKW-WRP<br><br>**ORDER DENYING DEFENDANT<br>TALISMAN CASUALTY<br>INSURANCE COMPANY'S<br>MOTION TO DISMISS** |

Defendant Talisman Casualty Insurance Company seeks dismissal of the claims against it for three principal reasons: (1) Plaintiff Nan, Inc. did not provide the contractually mandated pre-suit notice of the claims asserted here; (2) the claims related to Talisman's bond are time-barred; and (2) a claim of bad faith conduct is not allowed under Hawaiʻi law. All of these arguments, however, require this Court to make factual determinations that are improper at this stage of the proceedings. As a result, the motion to dismiss, Dkt. No. 26, is DENIED.

## BACKGROUND

I.　**The Complaint**

Nan's February 26, 2019 Complaint asserts claims against AIM Steel International, Omar Ali, and Talisman. In essence,[1] the Complaint alleges that Nan, a licensed general contractor, entered into a purchase order contract with AIM Steel International Corp. (ASIC) under which ASIC was meant to deliver certain materials to Nan. In connection with the purchase order, a supply contract bond, dated May 17, 2016, was issued, with ASIC as the principal, Talisman as the surety, and Nan as the obligee ("the Bond"). The Bond obliges ASIC and Talisman to pay Nan up to the amount of $3,836,891.02 should ASIC fail to perform under the purchase order contract.

According to the Complaint, ASIC failed to deliver the materials as required by the purchase order contract. After demands for ASIC to fulfill its obligations were unsuccessful, Nan terminated the purchase order contract by letter dated October 20, 2017 ("the termination letter"). This letter was addressed to Ali and cc'd to, *inter alia*, Talisman. On the same date, another letter was sent to Talisman, informing it of ASIC's termination and Nan's intention to file a claim on the Bond ("the first claim letter").

Thereafter, the Complaint alleges that Talisman refused to take a "formal position" on completing ASIC's work and refused to provide an accounting of a fund set up to ensure the continued supply of materials. Talisman also refused to

---

[1] For purposes of the instant analysis, the Court focuses on those allegations and claims most pertinent to Talisman.

allow the delivery of materials for which Nan had already paid, misrepresented its obligations under the Bond, and denied that the Bond was a surety bond. Nan sent letters making a claim on the Bond in December 2017 ("the second claim letter") and November 2018 ("the third claim letter").

As against Talisman, the Complaint asserts a claim for breach of the Bond (Claim Three) and bad faith (Claim Four).

## II. The Motion to Dismiss

The motion to dismiss seeks dismissal of both claims asserted against Talisman pursuant to Federal Rule of Civil Procedure 12(b)(6). Talisman makes three principal arguments for dismissal: (1) Nan provided insufficient notice of ASIC's default; (2) Nan failed to bring suit within the later of one year of final payment under the purchase order contract or one year following the expiration of any express warranty period provided for in the purchase order contract; and (3) Hawaiʻi courts have not recognized a bad faith claim against a surety.

After a response in opposition and a reply in support of the motion to dismiss were filed, the Court held a hearing with respect to the same on August 1, 2019.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

## **DISCUSSION**

The Court addresses the two claims against Talisman in turn.

### **I.   Claim Three**

Talisman first argues that Claim Three is barred because Nan has not provided it with notice of ASIC's default, as required by the Bond. Talisman accurately observes that, pursuant to the Bond, Nan is required, in the event of a default by ASIC, to provide Talisman with "a written statement of the particular facts showing the date and nature of such default…." Dkt. No. 1-2 at 1. Talisman argues that the

first claim letter and the second claim letter fail to provide the date and nature of ASIC's default, and thus, are insufficient under the Bond.

The problem with Talisman's argument, however, is that it assumes that the first and second claim letters represent the universe of letters that were sent to Talisman in this regard. As Nan states in its response, this is not the case– something which Talisman does not address in its reply. While there may be a reason for Talisman's silence,[2] at this stage of the proceedings, the Court will not make a factual determination as to at least one letter–the termination letter–that Talisman has entirely ignored. Therefore, this argument is rejected.

Talisman next argues that Nan failed to bring this action within the time limit imposed by the Bond. Talisman, again, accurately observes that the Bond requires an action against Talisman on the Bond to be brought within one year of the later of either final payment or the expiration of any express warranty period. Talisman argues that this action is untimely because it was filed more than a year after ASIC's termination on October 20, 2017 and the purchase order contract contains no express warranty.

As an initial matter, because the Bond requires the bringing of a claim within the *later* of two events, to allow continuation of this claim, the Court need only

---

[2]If anything, the reason is unlikely to be anything that redeems this argument. More specifically, the termination letter, on which Talisman is cc'd, appears to provide plenty of detail as to the date and nature of ASIC's alleged default.

decide whether it is plausible that one of the events may have occurred before the expiration of the time limitation imposed. Here, the Court believes that is so at least with respect to the issuance of final payment.[3]

In that regard, Talisman argues only that, because ASIC was terminated on October 20, 2017, final payment "would" have been made prior to that date, making, in turn, this February 2019 action untimely. Talisman's argument, however, rests on a flawed assumption: that final payment had to be made prior to or on the date of termination. This Court does not understand, logically or legally, why that must be so. Nor does Talisman's reliance, at oral argument, on the phrase "under the Contract" change the Court's perspective. Simply terminating a contract does not mean that any payment occurring thereafter is not a payment under the contract. Stripped of that assumption, Talisman's argument requires the Court to make factual determinations, such as whether or when a final payment was made, that, at best, appear to be disputed, and thus, are inappropriate at this point in the proceedings.

As a result, the motion to dismiss is denied with respect to Claim Three.

## II. Claim Four

Talisman argues that Claim Four should be dismissed because Hawai'i courts have not recognized a bad faith claim against a surety. In contrast, Nan responds

---

[3]As a result, the Court need not, and does not, address the parties' respective positions with respect to the express warranty period.

that no court in Hawaiʻi has barred a bad faith claim against a surety on the ground that such a claim is barred under Hawaiʻi law.

As the Court stated at the hearing on the motion to dismiss, the questions raised by Talisman's motion as to Claim Four are a much closer call. Nonetheless, at this stage in the proceedings, the Court does not believe it appropriate to wrestle with whether a bad faith claim may be asserted against a surety under Hawaiʻi law because, to do so, requires further factual development of the record.

As both parties appear to acknowledge, but state in opposing fashions, no court in Hawaiʻi has yet decided whether a bad faith claim may be asserted against a surety. Based on the Court's present understanding, no court in Hawaiʻi has even weighed the question, let alone decided it. Contrary to both parties' apparent belief, however, the question is not simply answered by saying that suretyship is more or less like X or Y, and thus, a bad faith claim should or should not be permitted. Instead, the Hawaiʻi Supreme Court has offered that bad faith claims may be brought in the insurance context as well as in "situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." *Francis v. Lee Enterprises, Inc.*, 971 P.2d 707, 711 (Haw. 1999).

Here, the present stage of proceedings does not permit the Court to find that the relationship between Nan and Talisman is or is not characterized by elements of fiduciary responsibility, public interest, and/or adhesion. That being said, the

allegations of the Complaint plausibly suggest that one or more of those elements may exist in the parties' relationship. As such, while the Court does not conclude that a bad faith claim is cognizable under Hawaiʻi law, the Court is also unprepared to conclude that such a claim is barred at this point. Instead, the Court will allow the facts (rather than allegations) to be developed.

As a result, the Court denies the motion to dismiss with respect to Claim Four.

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 26, is DENIED.

IT IS SO ORDERED.

Dated: August 6, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge